NO. 7355.

ASCHENBACH & MILLER, INC.

VS

JEFFERSON DISTILLING CO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

# O P I N I O N.

By his Honor John St. Paul.

Appeal from the Civil District District Court, Division "E" No. 118651.

Plaintiff bought of defendant five barrels of denatured alcohol, which defendant agreed to ship on September 2nd.

The petition alleges in substance that because the alcohol was not so shipped, plaintiff was obliged to purchase, at a much higher cost, ~~###########~~ ~~at a much higher cost~~ other alcohol not denatured; and this suit is for the loss thus sustained. It is further alleged that the reason plaintiff could not purchase denatured alcohol was that such alcohol could be obtained only on production of its special Federal permit, which was then in defendants' possession.

Annexed to the petition is plaintiff's letter dated September 9th, from which we quote as follows; "We wired again this morning x x x and received your reply that you have not yet shipped but will ship on the 12th. This negligence on your part at the present moment appears as if it would cost us over $1000 of business. x x x. In your previous letters you expressed a desire that our business relations would continue.

"Well we are afraid they are discontinued now, and they positively will be if we have the loss."

Hence plaintiff knew on September 9th that the alcohol had not yet been shipped, but would be shipped on the 12th; but instead of cancelling the sale, as it had the right to do, and demanding the immediate return of its permit so that it might purchase elsewhere, holding defendant for the difference if any, it remained content to warn defendant that a loss of ~~###~~ business might result and and that, if so, their business relations would cease. Its letter contained not the slightest intimation that the contract was to be dissolved, or that plaintiff meant to look elsewhere for the alcohol; on the contrary it is pregnant with the direction to go ahead with the contract, even though it might be the last between them.

29

Under the circumstances we think plaintiff has no right of action. The remedy, the only remedy, for defendant's remissness in performing its part of the contract was as we have stated. But of this ######### plaintiff did not choose to avail itself. On the contrary it deliberately waived it by substantially directing defendant to ship when it did. In other words plaintiff had the right to take the alcohol from defendant when it could get it, or it might refuse that alcohol and replace it elsewhere at defendant's cost, but it could not do both, and having exercised its choice it cannot now be heard to complain. To hold otherwise would be in effect to force the seller to make a second sale at the same price as the first, even though the goods might in the meanwhile have enhanced in value, or the first sale itself have been a losing contract for the seller.

The judgment appealed from is correct.

                                    Judgment Affirmed.